# In the United States Court of Federal Claims

No. 14-690C
(Filed: December 22, 2020)
FOR PUBLICATION

| | |
|---|---|
| **NATHAN SOMMERS,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**UNITED STATES,** )<br>)<br>*Defendant.* )<br>)<br>) | Keywords: Motion for Leave to File Notice of Appeal Out of Time; Extension of Time to File Notice of Appeal; FRAP 4(a)(1)(B); FRAP 4(a)(5)(A); 28 U.S.C. § 2107(c); 28 U.S.C. § 2522. |

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

Pending before the Court is the plaintiff's motion for leave to file notice of appeal out of time. (ECF 105.) Not only was the plaintiff's notice of appeal not filed on time, but this motion was also filed outside the window within which a party may seek to extend the time for filing a notice of appeal. As a result, the Court lacks jurisdiction to consider the motion, which must be denied.

The plaintiff, Nathan Sommers, enjoyed a distinguished military career as a member of the Army Band. After retiring from the Army, he filed his complaint in 2014, alleging that he had been improperly forced out of the Army due to his political views and religious beliefs. On August 4, 2020, the Court granted the defendant's motion to dismiss. The Court held that the plaintiff had resigned voluntarily from the Army, and, as a result, his complaint failed to state a claim for relief. *Sommers v. United States*, 149 Fed. Cl. 529 (2020).

The Court entered judgment for the defendant on August 5, 2020 (ECF 102). Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure ("FRAP"), the last date by which the plaintiff could appeal the dismissal of his complaint was October 5, 2020. The plaintiff filed his motion on December 2, 2020, almost 60 days after the deadline to file his appeal.

According to the plaintiff's motion, on October 2, 2020, the plaintiff's attorney electronically filed a timely notice of appeal and paid the fee required to file an appeal. The court's electronic case filing system generated a receipt, which the plaintiff attached as an exhibit to the instant motion, for the filing fee. The plaintiff's motion asserts that "[n]o [confirmation] e-mail [from the court's electronic filing and docketing system] was ever received, however in the

press of other matters, Counsel did not notice that he had not received the filing confirmation." (ECF 105 at 1.)

Neither the plaintiff's motion to extend the time to file a notice of appeal nor the supporting memorandum of law addressed the preliminary issue of whether the Court has jurisdiction to entertain the motion. The Court therefore issued an order directing the plaintiff to brief the jurisdictional question. (ECF 106.) The plaintiff filed a brief (ECF 107), and the defendant has replied (ECF 109).

The plaintiff requests that the Court allow him two weeks from the date the Court grants this motion to file his notice of appeal out of time. The plaintiff predicates his motion on FRAP 4(a)(5)(A), which provides in relevant part:

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves *no later than 30 days after the time prescribed by this Rule 4(a) expires*; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FRAP 4(a)(5)(A) (emphasis added).

FRAP 4(a)(5) implements 28 U.S.C. § 2107(c), which provides in relevant part:

> The district court may, *upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal*, extend the time for appeal upon a showing of excusable neglect or good cause.

28 U.S.C.§ 2107(c) (emphasis added) (excerpt).

The plaintiff's opening memorandum of law explains how and why he satisfies the "excusable neglect" standard required under FRAP 4(a)(5)(A)(ii) in order to allow the Court to grant his motion. The plaintiff's second memorandum argues that his notice of appeal was constructively filed and was timely when so filed.

The plaintiff had until October 5, 2020, to file a notice of appeal under FRAP 4(a)(1)(B). Under both § 2107(c) and FRAP 4(a)(5)(A), the plaintiff could have filed a motion to extend the time to file an appeal within 30 days of the expiration of the October 5 deadline for the notice of appeal. Under both the statute and the Rule, the plaintiff had until November 4, 2020, to move for an extension of time to file his notice of appeal and to demonstrate excusable neglect or good cause in support of that motion. The motion before the Court was filed on December 2, 2020, almost two months after the October 5 deadline for the notice of appeal and well outside the 30-day period specified for such motions in both the statute and the Rule.

This delay may not have been dispositive if the plaintiff only had to surmount FRAP 4(a)(5)(A). If the time limit—that motions to extend the time within which to appeal had to be brought within 30 days of the original deadline for an appeal—was to be found only in FRAP 4(a)(5)(A), the Court may have been able to consider the merits of his motion. In such a case, the limitation might only have been construed as a claims-processing rule subject to waiver or forfeiture. *See Hamer v. Neighborhood Hous. Servs. of Chicago,* 138 S. Ct. 13, 17 (2017).

The plaintiff is confronted not only with FRAP 4(a)(5)(A), but also by § 2107(c).[1] Such a statutory limitation is jurisdictional and not subject to waiver or equitable tolling, for any reason. *Id.*; *Bowles v. Russell*, 551 U.S. 205 (2007); *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008).

Section 2107(c) is clear. A motion to extend the time to file an appeal must be filed "not later than 30 days after the expiration of the time otherwise set for bringing appeal . . . ." That limitation is jurisdictional, and because the plaintiff's motion to extend the time was itself not timely under 28 U.S.C. § 2107(c), the Court lacks jurisdiction even to consider the substance of the motion.[2]

Section 2107(c) is silent regarding motions filed outside the 30-day time limit specified therein. It sets a standard for reviewing motions brought within 30 days of the original deadline for a notice of appeal but does not expressly forbid such motions filed more than 30 days after the initial deadline.

The jurisdiction of federal courts is limited and extends only so far as Congress may determine, subject to constitutional limits. The jurisdiction of federal courts is not created by negative inference arising from *lacunae* that may be found in statutes creating jurisdiction. It will not do to establish jurisdiction to consider the plaintiff's motion to point out that the statute at issue does not expressly foreclose the Court's ability to consider the motion. That approach would be backwards. Rather, because Congress has specified precisely when courts may consider a motion to extend the time within which to file a notice of appeal, congressional silence regarding situations not captured by § 2107(c) cannot be relied on to create jurisdiction. Indeed, FRAP 4(a)(5)(A)(ii) supports this reading of the statute. It refers specifically to motions filed "before or during the 30 days after the time prescribed by this Rule 4(a)." By inference, the

---

[1] Appeals from this Court to the Federal Circuit are governed by 28 U.S.C. § 2522, not § 2107. Although § 2522 does not contain an express analogue to paragraph (c) of § 2107, the provision allowing the trial court to authorize the late filing of a notice of appeal in specific circumstances, it does authorize appeals "within the time and in the manner prescribed for appeals" from the district courts. The statute appears to incorporate the provisions of § 2107, including paragraph (c), by reference. The Court does not resolve the issue of whether the standards of § 2522 are narrower than those of § 2107 because even under § 2107 the Court is without jurisdiction to consider the plaintiff's motion. The question of whether § 2522 permits such a motion must await another case in which a party has met the deadline set in § 2107(c).

[2] The plaintiff does not allege that he failed to receive timely notice of the entry of judgment, as would be covered by FRAP 4(a)(6). Indeed, as the plaintiff acknowledges, he sought to file a timely notice of appeal but failed to complete the electronic transaction in some manner.

Rule makes no accommodation for motions, like the plaintiff's, filed later than 30 days after the time prescribed by Rule 4(a).

The plaintiff tries to overcome this jurisdictional barrier by arguing that the notice of appeal was constructively filed because there is evidence that the filing fee was paid, demonstrating the intent to file a timely appeal. That argument is unavailing.

The plaintiff acknowledges that the notice of appeal was not actually filed in a timely manner. The remittance of the filing fee does not substitute for the required separate filing of the notice of appeal. FRAP 3(c) outlines the information that must be contained in the notice of appeal. The remittance of a filing fee is a separate and distinct prerequisite for the filing of an appeal. FRAP 3(e). These two steps are distinct and distinguishable, and the remittance of the fee alone is insufficient to initiate an appeal. *See Franklin v. McHugh*, 804 F.3d 627, 631-32 (2d Cir. 2015); *Sueiro Vazquez v. Torregrosa de la Rosa*, 494 F.3d 227, 234 (1st Cir. 2007). Rather, it is the timely filing of the notice of appeal through the electronic filing process that initiates an appeal. *See Sudduth v. Texas Health & Hum. Servs. Comm'n*, 830 F.3d 175, 178 (5th Cir. 2016); *Klein v. Olson*, 728 F. App'x 846, 848-49 (10th Cir. 2018).

The plaintiff, in the alternative, urges the Court to allow equitable tolling to permit the late filing of the notice of appeal. The plaintiff asserts that the failure to file the notice of appeal could be attributable either to an error by counsel or to a systems error on the part of the Court's electronic filing system.

The source of the error is unknowable. What is knowable, however, is that the Court's electronic filing system transmits to counsel of record and the presiding judge an electronic notice whenever any document is filed in a case. No electronic notice was received by the Court noting the filing of a timely notice of appeal. The lack of any electronic notice is itself *prima facie* evidence that a timely notice of appeal was not filed and should have put the plaintiff's counsel on notice that nothing had been filed when he attempted to file his notice of appeal.

The situation with which the Court is confronted is an unfortunate one. On the record before the Court, the plaintiff did seek to file a timely notice of appeal and remitted the filing fee. The plaintiff's counsel did not receive an automated electronic notification confirming the filing of the notice of appeal. He made no inquiry and took no action in the face of the missing notification until almost two months after the deadline to appeal and almost one month after the time allowed under 28 U.S.C. § 2107(c) and FRAP 4(a)(5) to seek to extend that deadline. In the face of the clear jurisdictional command of 28 U.S.C. § 2107(c), the Court is without authority even to consider the motion that the deadline be equitably tolled.

The plaintiff's motion for leave to file a notice of appeal out of time is **DENIED**.

It is so **ORDERED**.

s/ Richard A. Hertling  
**Richard A. Hertling**  
**Judge**

4